B. F. NELSON, Receiver, v. ALFRED E. NUGENT and Another.[1]

Oct. 10, 1895.

Nos. 9584—(157).

Note to Receiver—Complaint.

A suit on a promissory note was brought by N., as receiver of B. In the complaint it is alleged that the note was made by the defendants to the order of "plaintiff." *Held*, this amounts to an allegation that in the note N. was described as receiver of B.

Same.

*Held*, further, in such a case it was not necessary for N. to allege in his complaint other facts sufficient to show that he was duly and legally appointed such receiver.

Frivolous Demurrer.

The demurrer to the complaint *held* properly stricken out as frivolous.

Appeal by defendants from a judgment of the district court for St. Louis county, entered in pursuance of an order by Moer, J. Affirmed.

*Chas. F. Hopkins*, for appellants.

*Smith & McMahon* and *Welch & Hayne*, for respondent.

CANTY, J. The defendants demurred to the complaint on the grounds that plaintiff has not legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action. The court, by its order, struck the demurrer out as frivolous, and ordered judgment for the plaintiff. From the judgment entered thereon defendants appeal.

The action is brought by "B. F. Nelson, as receiver in insolvency of the estate of James H. Bishop & Company, a corporation, plaintiff." The complaint alleges that plaintiff is, and during the time therein mentioned was, "the duly appointed, qualified, and acting receiver" of said corporation, but it nowhere alleges in what court or in what proceedings he was appointed. The complaint is brought on a series of promissory notes, which it is alleged were made by defendants to the order of "plaintiff." The only point urged by ap-

[1] Reported in 64 N. W. 392.

·pellants is that the allegations as to the appointment of Nelson as ·receiver are not sufficient. Without deciding the point, we will concede it, if these allegations are material in this case as it now stands. The complaint alleges that the notes were made to "plain- ·tiff." He brings the suit in his representative capacity, not in his ·individual capacity. The plaintiff is not B. F. Nelson, but B. F. Nelson as receiver, etc. Then, if the notes were made to "plaintiff," they must have been made to B. F. Nelson as receiver, etc. From the allegations of the complaint it must be held that he was de- scribed in the notes as receiver of Bishop & Company. If he was, it is a sufficient admission of his character and capacity as receiver, and it was not necessary either to allege or prove a legal and suffi- cient appointment or qualification as receiver. This is a well-es- tablished rule of law, and we are of the opinion that the judgment .appealed from should be sustained.

Judgment affirmed.